UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROGER M. HERRING AND | * | CIVIL ACTION NO.: |
| JESSICA HERRING | * | |
| Plaintiffs | * | |
| | * | |
| VERSUS | * | |
| | * | |
| THE UNITED STATES OF AMERICA | * | |
| Defendant | * | |

## COMPLAINT

TO THE HONORABLE, UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:

NOW INTO COURT, through undersigned counsel, come Plaintiffs Roger M. Herring and Jessica Herring, who respectfully allege the following:

I.

## PARTIES

1. Made Plaintiffs herein are:

    a. ROGER M. HERRING AND JESSICA HERRING, ("Mr. Herring" or "Plaintiffs") both of the full age of majority and residents of the Parish of Morehouse, State of Louisiana.

2. Made Defendant herein is:

    a. THE UNITED STATES OF AMERICA ("Defendant"), through the ownership, operation, and control of Morehouse Community Medical Centers, Inc., a federally qualified provider located in the Parish of Morehouse, State of Louisiana.

## II. JURISDICTION AND VENUE

3. The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §

2671, and 28 U.S.C. § 1346, as the Federal Tort Claims Act creates waiver of sovereign immunity for claims against the United States and is the sole basis for recovery for tort claims against the United States.

4. The Court has jurisdiction over the Louisiana state law claims asserted herein pursuant to 28 U.S.C. § 1367, as said state law claims form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), for the events giving rise to this claim took place in the Parish of Morehouse, State of Louisiana.

### III. FACTS

6. Plaintiff Roger M. Herring has a medical history of DVT and Type 1 Diabetes requiring daily insulin. On February 16, 2019, Mr. Herring presented to Morehouse General Hospital with complaints of left foot numbness and serious pain. He was discharged on that date with diabetic neuropathy, with instructions to follow up with his primary care physician if his symptoms worsened or persisted.

7. On February 21, 2019, Mr. Herring presented to Morehouse Community Medical Centers, Inc., in Bastrop, Louisiana, with complaints of pain in his left calf and left foot numbness. He was examined by Rhonda Beard, NP who documented that Mr. Herring had no sensation in his left toes. A doppler ultrasound was order to evaluate for DVT. The ultrasound was performed on February 25, 2019 at Morehouse General Hospital, which revealed no sonographic evidence of left lower extremity DVT. No ultrasound was ordered or performed on the patient's arteries.

8. On March 12, 2019, Mr. Herring presented again to Morehouse Community Medical

Centers, Inc., with complaints of left foot and great toe pain. Mr. Herring was once again examined by Rhonda Beard, NP who diagnosed the patient with gouty arthropathy and he was given a prescription of Colchicine. No blood work or other diagnostic testing was ordered to confirm this diagnosis.

9. On March 17, 2019, Mr. Herring presented to Morehouse General Hospital with continued complaints of pain, swelling and tenderness of his left foot. X-rays were taken, which revealed no evidence of acute fracture or dislocation. Lab tests revealed low uric acid which was in contradiction to his previous gout diagnosis made by Rhonda Beard, NP. Mr. Herring was discharged with pain in left foot and was prescribed Naprosyn. He was given instructions to follow up with his primary physician if his conditioned worsened. No appropriate diagnostic studies were ordered at that time.

10. On March 27, 2019 Roger Herring presented to Morehouse Community Medical Centers, Inc. with the identical complaint of severe left foot pain as on previous presentations. At this time, he was treated by Tamatha Hawkins, NP. He was again discharged with a diagnosis of gouty arthropathy. No diagnostic tests were ordered or performed to determine if this diagnosis was accurate or if the pain could be caused by another source, specifically arterial occlusions(s).

11. On April 18, 2019, Roger Herring presented to Morehouse Community Medical Centers, Inc. and was examined by Brenton Albritton, NP. NP Albritton instructed the patient to go directly to Morehouse General Hospital for an ultrasound of his foot. When the patient presented to Morehouse General Hospital on April 18, 2019, he had complaints of severe pain in his left foot and calf of his left leg. He was seen

by Dr. Robert Kerry who ordered an ultrasound of the left lower extremity arterial. The ultrasound revealed "extremity arterial complete occlusion of the superficial femoral artery mid to distal segment through popliteal artery". Mr. Herring was immediately transferred to St. Francis Medical Center in Monroe, Louisiana, by ambulance for further treatment.

12. Upon arrival at St. Francis Medical Centers, no pulse was found in the left lower extremity. Mr. Herring was evaluated by vascular surgery and underwent a left femoral popliteal bypass.

## IV. CAUSES OF ACTION

### COUNT 1: MEDICAL MALPRACTICE

13. Plaintiffs hereby incorporate all foregoing allegations by reference for the purposes of this count.

14. Roger M. Herring and his wife, Jessica Herring, suffered injuries and damages that were caused, contributed to, and/or precipitated by the negligence and/or departures from the proper standard of medical care of Morehouse Community Medical Centers, Inc., Rhonda Beard, NP and Tamatha Hawkins, NP, all of whom are joint tortfeasors, and all of whom are liable unto plaintiffs which may be shown during the trial:

15. Morehouse Community Medical Centers, Inc., is liable unto plaintiffs because Mr. Herring's injuries and damages were proximately and/or legally caused by the fault, including negligence of Morehouse Community Medical Centers, Inc., and its physicians, nurse practitioners, officers, agents, employees, contractors, and any and all other individuals for whom it is financially and/or legally responsible, including

the following negligent acts of omission and commission, among other, which may be shown at trial:

a. Failing to order appropriate diagnostic testing;

b. Failing to accurately and timely diagnose Mr. Herring's condition;

c. Failing to conduct a thorough and comprehensive examination of Mr. Herring on February 17, 2019, March 12, 2019, and March 27, 2019;

d. Failing to adequately supervise Rhonda Beard, NP;

e. Failing to adequately supervise Tamatha Hawkins, NP; and

f. Failing to properly train and/or supervise its physicians, nurse practitioners and/or its employees.

16. Rhonda Beard, NP is liable unto petitioners because Mr. Herring's injuries and damages were proximately and/or legally caused by the fault, including negligence of Rhonda Beard, NP, including the following negligent acts of omission and commission, among others, which may be shown at trial:

a. Failure to order appropriate diagnostic testing;

b. Failure to accurately and timely diagnose Mr. Herring's condition;

c. Failing to obtain a vascular consult;

d. Failing to obtain an ultrasound of Mr. Herring's left lower extremity arterial; and

e. Failing to conduct a thorough and comprehensive examination of Mr. Herring on February 17, 2019 and March 12, 2019.

17. Tamatha Hawkins, NP is liable unto petitioners because Mr. Herring's injuries and damages were proximately and/or legally caused by the fault, including negligence

of Tamatha Hawkins, NP, including the following negligent acts of omission and commission, among others, which may be shown at trial:

a. Failure to order appropriate diagnostic testing;

b. Failure to accurately and timely diagnose Mr. Herring's condition;

c. Failing to obtain a vascular consult;

d. Failing to obtain an ultrasound of Mr. Herring's left lower extremity arterial;

e. Failing to conduct a thorough and comprehensive examination of Mr. Herring on March 27, 2019.

18. Morehouse Community Centers, Inc., Rhonda Beard, NP and Tamatha Hawkins, NP breached the standard of care in their treatment of Roger M. Herring, and the aforementioned breaches of the standard of care caused Mr. Herring's injuries; or in the alternative, caused him to suffer the loss of the change of a better outcome.

19. In compliance with the Federal Tort Claims Act, Plaintiffs submitted a "Form 95" to the Department of Health and Human Services. The Department acknowledged receipt of Plaintiffs' Form on April 15, 2021.

20. The last correspondence from the Department of Health and Human Services was on October 4, 2021.

21. Accordingly, as six months has passed and, pursuant to 28 U.S.C.A. § 2401(b) Plaintiffs' Complaint is timely.

## V. DAMAGES

22. As Mr. Herring's spouse, Jessica Herring, has suffered a loss of consortium as a direct and/or proximate result of Morehouse Community Centers, Inc., Rhonda Beard, NP and Tamatha Hawkins, NP's negligent conduct.

23. As a result of the foregoing acts of negligence of Morehouse Community Centers, Inc., Rhonda Beard, NP and Tamatha Hawkins, NP, Roger M. Herring suffered severe and painful personal injuries and damages. Said injuries and damages include, but are not limited to:

   a. Past physical pain and suffering;

   b. Permanent muscle and nerve damage to left lower extremity;

   c. Fear and mental anguish;

   d. Emotional distress and anxiety;

   e. Past and future medical expenses;

   f. Loss of earnings and/or loss of earning capacity;

   g. Permanent residual injuries and disabilities; and/or

   h. Loss of the chance of a better medical outcome (pled in the alternative to the above).

24. As a result of the foregoing acts of negligence of Morehouse Community Centers, Inc., Rhonda Beard, NP and Tamatha Hawkins, NP, Jessica Herring sustained severe and painful personal injuries and damages, for her husband suffered severe medical complications. Said injuries and damages include, but are not limited to:

   a. Loss of consortium;

   b. Loss of companionship, affection, society, and service; and

   c. Any and all other damages as are reasonable in the premises.

## VI. PRAYER

WHEREFORE, Plaintiffs Roger M. Herring and Jessica Herring pray that, after due proceedings are had, there be judgment rendered.

Respectfully submitted,

LAW OFFICE OF BRIAN E. CRAWFORD
3006 Armand Street
P. O. Box 14600 (71207-4600)
Monroe, LA 71201
Telephone: (318) 325-3200
Facsimile: (318) 325-3482
E-mail: brian@bcrawfordlaw.com

By: /s/Brian E. Crawford
    Brian E. Crawford, #4582

*Attorney for Plaintiffs*